# CIRCUIT COURT OF THE CITY OF ROANOKE

Rose Duncan Chocklett

v.

Steven Wayne Chocklett

July 26, 1999

Case No. CH98-382

BY JUDGE ROBERT P. DOHERTY, JR.

During this short duration marriage, husband and wife, sometimes jointly and sometimes severally, using credit cards unwisely issued to them, charged approximately $20,000.00 worth of electronics, computers, software, and other consumer goods. They also financed furniture and automobiles. Their approximated short term debt rose over $40,000.00, far beyond the capability of curtailment by their income from their fast food and other restaurant employments. Each has accused the other of dishonesty and of being involved in fraud and thefts from others and from each other. There has been at least one criminal prosecution and conviction between them, and one of the parties has declared bankruptcy. This is a case of the pot calling the kettle black. The request for equitable distribution of marital assets and debts requires that the Court determine that at least one of the parties was honest in their marriage, in the acquisition of their assets and accumulation of debt, and in their breakup or in their trial testimony. After listening to both the husband and wife testify, the Court cannot believe either of them to the degree necessary to divide property or to support an equitable distribution award in his or her favor. They both came to the Court without clean hands and thereafter continued to get them dirtier. A decision in this case requires the Court to determine which marriage partner cheated the other the least. Having reviewed all of the factors in § 20-107.3, Code of Virginia (1950), as amended, as well as the facts presented, and considering the equities as argued by both sides, or lack thereof, the Court makes no equitable distribution in this case.

Notwithstanding the above, equity will grant complete relief when called upon to so do. Based on his in-court admission, husband shall pay restitution in the amount of $500.00 to the wife for the theft and sale of her engagement ring. That restitution payment shall be due within ninety days.